United States Bankruptcy Court
Southern District of Mississippi

In re: Case No. 25-50513-KMS
Houston Lamar Hutto  Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0538-6 | User: mssbad | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Jun 30, 2025 | Form ID: pdf012 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 02, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db/codb | + Houston Lamar Hutto, Kelsey J. Hutto, 88 Mag Williams Rd, Heidelberg, MS 39439-3103 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 02, 2025      Signature:      /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 30, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Anna Claire Henderson | on behalf of Creditor Sunbelt Federal Credit Union annaclaire@derekhendersonlaw.com |
| David Rawlings | ecfnotices@rawlings13.net sduncan@rawlings13.net |
| Natalie Kareda Brown | on behalf of Creditor LAKEVIEW LOAN SERVICING LLC nbrown@rlselaw.com, lcaplan@rlselaw.com;akhosla@rlselaw.com;ruluecf@gmail.com;BKRL@ecf.courtdrive.com |
| Thomas Carl Rollins, Jr | on behalf of Debtor Houston Lamar Hutto trollins@therollinsfirm.com jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com |
| United States Trustee | USTPRegion05.JA.ECF@usdoj.gov |

District/off: 0538-6 User: mssbad Page 2 of 2
Date Rcvd: Jun 30, 2025 Form ID: pdf012 Total Noticed: 1
TOTAL: 5

SO ORDERED,

*Katharine M. Samson*

Judge Katharine M. Samson
United States Bankruptcy Judge
Date Signed: June 30, 2025

The Order of the Court is set forth below. The docket reflects the date entered.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                    BANKRUPTCY PROCEEDING

HOUSTON LAMAR HUTTO                                       CASE NUMBER: 25-50513 KMS

SUNBELT FEDERAL CREDIT UNION

VS.

HOUSTON LAMAR HUTTO, DEBTOR,
KELSEY J. HUTTO, CO-DEBTOR,
AND
DAVID RAWLINGS, CHAPTER 13 TRUSTEE

**ORDER GRANTING MOTION FOR ABANDONMENT AND REQUEST FOR TERMINATION OF §362 AUTOMATIC STAY AND §1301 CO-DEBTOR STAY**

THIS MATTER COMES NOW before the Court upon Sunbelt Federal Credit Union's Motion for Abandonment and Request for Termination of Automatic Stay as to the Debtor and Co-Debtor (Docket No. 21). After notice, no response was filed. Sunbelt Federal Credit Union ("Sunbelt") asserts as follows:

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, 11 U.S.C. §554, 11 U.S.C. §362, and 11 U.S.C. §1301, and related code sections and rules.

Page -1-

2.

On April 10, 2025, Houston Lamar Hutto ("Debtor") filed his petition under Chapter 13 of the United States Bankruptcy Code before the United States Bankruptcy Court for the Southern District of Mississippi. David Rawlings was appointed the Chapter 13 Trustee.

3.

On May 28, 2024, the Debtor and Kelsey J. Hutto executed a Security Agreement and Promissory Note to finance a 2019 Chevrolet Camaro (VIN# 1G1FD1RS5K0129856), serving as collateral to the loan agreement. A copy of the Security Agreement and Promissory Note are attached to Sunbelt's Motion as Exhibit "A".

4.

The beneficiary of said Agreement and Note perfected the security interest by filing the application for Certificate of Title with the Office of the Mississippi Secretary of State, a copy of which is attached to Sunbelt's Motion as Exhibit "B".

5.

The Debtor is proposing to abandon or surrender the vehicle, and as such, Sunbelt requests that the §362 automatic stay and the §1301 co-debtor stay be lifted.

6.

"Cause" for lifting the automatic stay includes "the lack of adequate protection of an interest in property of such party in interest." §362(d)(1). "Adequate protection," a bankruptcy term of art defined in §361, "in short, ... is a payment, replacement lien, or other relief sufficient to protect the creditor against diminution in the value of his collateral during the bankruptcy." *In re Scopac*, 624 F.3d 274, 278 n.1 (5th Cir. 2010), *opinion modified on denial of reh'g*, 649 F.3d 320 (5th Cir. 2011).

7.

The balance of the debt owed to Sunbelt is $27,901.54. The estimated value of the collateral is $25,290.00 (Retail $28,100 x 90%).

8.

Sunbelt is not adequately protected. The Debtor and Co-Debtor have failed to provide Sunbelt with adequate protection as required by 11 U.S.C. §362 and as such the §362 automatic stay should be lifted and the §1301 co-debtor stay should be lifted.

9.

Cause exists for the termination of the §362 automatic stay and the §1301 co-debtor stay as to Sunbelt. The collateral of Sunbelt should be abandoned from the bankruptcy estate. There is no equity in the collateral for the benefit of the bankruptcy estate.

10.

On May 19, 2025, Sunbelt filed its Motion for Abandonment and Request for Termination of §362 Automatic Stay and §1301 Co-Debtor Stay (Docket No. 21). After notice, no response was filed.

THEREFORE, IT IS ORDERED, that Sunbelt's Motion for Abandonment and Request for Termination of Automatic Stay as to the Debtor and Co-Debtor is hereby granted. The 2019 Chevrolet Camaro (VIN# 1G1FD1RS5K0129856) is abandoned from the bankruptcy estate. The §362 automatic stay and §1301 co-debtor stay are terminated as to Sunbelt Federal Credit Union which shall be allowed to pursue all remedies to repossess the vehicle and collect from co-debtor.

IT IS FURTHER ORDERED, that this Order constitutes a final judgment.

## END OF ORDER ##

| Submitted by: | Read by: |
|---|---|
| s/Derek A. Henderson<br>Derek A. Henderson, MSB #2260<br>Anna Claire Henderson, MSB #106230<br>Attorney for Sunbelt Federal Credit Union<br>1765-A Lelia Drive, Suite 103<br>Jackson, MS 39216<br>(601) 948-3167<br>derek@derekhendersonlaw.com<br>annaclaire@derekhendersonlaw.com | s/David Rawlings<br>David Rawlings<br>Chapter 13 Trustee<br>PO Box 566<br>Hattiesburg, MS 39403<br>(601) 582-5011<br>ecfnotices@rawlings13.net |